FILED
2007 Feb-28 AM 11:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

CLASSROOMDIRECT.COM, LLC,     }
                              }
     Plaintiff,                }
                              }     CIVIL ACTION NO.
v.                            }     06-AR-1669-S
                              }
DRAPHIX, LLC,                 }
                              }
     Defendant.                }
```

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of defendant, Draphix, LLC ("Draphix"), seeking a protective order prohibiting plaintiff, Classroomdirect.com, LLC ("Classroom") from pursuing discovery against three non-parties. For the reasons that follow, Draphix's motion will be denied.

**I.**

The decision whether or not to enter a protective order is always a matter requiring an exercise of the court's discretion. Although such an order can be entered in recognition of a legal privilege, it is not dependent on the invocation of a privilege. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). The court agrees with Draphix that it has standing to seek a protective order against non-party subpoenas. *Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 428 (M.D. Fla. 2005).

1

**II.**

Draphix asks this court to prohibit Classroom from obtaining certain financial and business documents from three third-parties. The materials in question fall into two categories. The first includes bank statements and financial documents related to Draphix's business activities. These documents are in the possession of Draphix's banks, Compass Bank and People's Bank and Trust. The second category includes documents related to Draphix's relationship with Perry Judd's Inc. ("Perry Judd's"), a catalogue printer.

In support of its motion, Draphix argues that the information sought by Classroom is not relevant. Instead, according to Draphix, these documents "relate to possible future proceedings in an entirely different case," a case in the state court. Def.'s Mot. for Protective Order, 2. The action to which Draphix alludes (the "State Court action") was litigated in the Circuit Court of Jefferson County, Alabama, and resulted in a verdict and judgment for Classroom. The state court's final judgment is currently on appeal by both parties. Draphix claims that the documents presently sought by Classroom are relevant, if at all, to the State Court action and, as a result, this court should, in effect, quash Classroom's subpoenas duces tecum. In response, Classroom does not deny that the information it seeks from the two banks would be relevant in any attempt to enforce the monetary judgment entered by

the state court, but it argues that the information is **also** relevant to the claims it brings in this action.

Courts have often recognized that "[a]lthough the scope of discovery is broad, the subject matter sought must be involved in the pending action." *Azania v. Squadrito*, 114 F.3d 1191, 1191 (7th Cir. 1997). To decide the discovery issue, therefore, the court must determine if the information sought by Classroom is reasonably related to a claim in this action. It is necessary to understand what Classroom is actually claiming in this court. As Classroom discusses in its brief, the present action is composed of three different claims. The first is based on Draphix's alleged breach of a Service Mark Agreement under which Draphix was licensed by Classroom to use the "Re-Print" mark. The second is for alleged trademark infringement. The third is for the alleged fraudulent registration of a trademark with the United States Patent and Trademark Office.

After reviewing Classroom's said claims, the court concludes that all the materials sought by Classroom are reasonably related to at least one of the three claims. Beginning with the bank and financial documents, they are relevant because, under the Lanham Act, Classroom can recover profits received by Draphix while in violation of trademark law or any damages sustained by Classroom because a competitor received a trademark through fraudulent means. *See* 15 U.S.C. §§ 1117(c) & 1120. Any attempt to calculate the

amount of the recovery, if any, will require information like that Classroom is seeking.  Although Draphix is correct that the bank documents are relevant to post-judgment discovery in the State Court action, this fact alone does not preclude their discoverability in this action.  Whether materials discovered in this case can be used in another case will be a matter for the judge in that other case.

Turning to the Perry Judd's documents, the court reaches the same conclusion.  The documents sought relate to the Draphix catalogues produced by Perry Judd's.  These documents, including mailing lists, printing schedules, and payment obligations, relate to the scope and nature of the conduct that allegedly violated the Service Mark Agreement and federal trademark law.  Given that the trademark claims in this case center on Draphix's catalogues, Classroom's effort to obtain documents related to this business is perfectly understandable and should come as no surpirse.

### III.

The court wishes to make clear that its denial of Draphix's motion is based solely on the relation of the materials sought by Classroom to the claims currently before this court.  This determination in no way purports to address whether or not the claims brought by Classroom in this action will eventually be found to have been precluded because they were, or could have been, litigated in the State Court action.  This issue will be addressed

4

only when and if properly raised by Draphix.

**IV**.

For the reasons discussed, Draphix's motion for a protective order is hereby DENIED.  If either party wishes to extend, by a reasonable period, the discovery deadline previously set by this court, it shall file a motion to that effect.

DONE this 28th day of February, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE