```
                 IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION

CLASSROOMDIRECT.COM, LLC,      }
                               }
     Plaintiff and             }
     Counterclaim defendant,   }    CIVIL ACTION NO.
                               }    06-AR-1669-S
v.                             }
                               }
DRAPHIX, LLC,                  }
                               }
     Defendant and
     Counterclaimant.
```

### MEMORANDUM OPINION

Before the court is the motion of plaintiff, Classroomdirect.com LLC ("Classroom"), pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the counterclaim of defendant, Draphix LLC ("Draphix"), for failure to state a claim on which relief can be granted. For the reasons that follow, Classroom's motion will be granted.

### I. Facts

The present motion is the latest manifestation of a continuing dispute between these parties. In its answer and counterclaim (Doc. #15) and its first amendment to the answer and counterclaim (Doc. #17), Draphix charges that Classroom is guilty of abuse of process.

Draphix's abuse of process claim is based on its contention that Classroom is seeking a remedy in the present litigation which is at odds with a judgment previously entered against it, and for

1

Classroom, in a related suit in the Circuit Court of Jefferson County, Alabama (the "State Court action."). According to Draphix, bringing such a suit and seeking such a remedy constitutes abuse of process.  In seeking the dismissal of the counterclaim, Classroom argues that Draphix fails to state an actionable claim of abuse of process under Alabama law.

## II. Legal Standard

A motion to dismiss will be granted only if it is clear that no set of facts consistent with the allegations could provide a basis for relief.  "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle [it] to relief.'" *Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101 (1957)).  "The issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."  *Diaz v. Cobb*, __ F.3d __, 2007 WL 603305, (11th Cir.) (internal quotation and citation omitted).

## III. Analysis

Assuming the truth of what Draphix alleges by way of facts, and ignoring its legal conclusions, the allegations do not constitute an actionable claim for abuse of process.  The Alabama Supreme Court has held that in order to bring such a claim, a

plaintiff must establish the following elements: (1) the existence of an ulterior purpose for the litigation; (2) the wrongful use of legal process; and (3) malice. *Willis v. Parker*, 814 So.2d 857, 865 (Ala. 2001). "[A]buse of process concerns the wrongful use of process after it had been issued." *C.C. & J., Inc. v. Hagood*, 711 So.2d 947, 950 (Ala. 1998). As Classroom rightly argues, a defendant cannot be held liable "unless [it] somehow acted outside the boundaries of legitimate procedure after the charge had been filed." *Willis*, 814 So.2d at 865 (internal citations and quotations omitted).

Draphix cannot establish a claim for abuse of process because it does not allege that Classroom engaged in any illicit or abusive activity **after** it filed this suit. Instead, Draphix's sole basis for its claim is that the filing of the suit is itself tantamount to actionable conduct. Filing a spurious complaint can end up as malicious prosecution if it ends badly for the plaintiff, but only after an unfavorable result. Simply filing a meritless suit, or bring suit because of an improper motive is, without more, insufficient to establish abuse of process.

As this court has previously stated, Draphix may be able to argue that Classroom's claims in this case are precluded because they were, or could have been, litigated in the State Court action. *See* Memorandum Opinion of February 28, 2007 (Doc. #28), 4-5. However, Draphix is incorrect to assume that possessing a

3

potentially viable preclusion defense translates into an abuses of process claim if the alleged preclusion is ignored.  As Classroom points out, were this the law, "every litigant asserting the affirmative defense of *res judicata* would have an abuse of process claim."  Pl.'s Mot. to Dismiss, 4.

### IV. Conclusion

For the reasons discussed above, Classroom's Rule 12(b)(6) motion to dismiss Draphix's counterclaim for abuse of process will be granted.

DONE this 14th day of March, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE