FILED
2008 Jul-25  PM 01:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
CLASSROOMDIRECT.COM, LLC,        }
                                 }
     Plaintiff,                  }
                                 }     CIVIL ACTION NO.
v.                               }     06-AR-1669-S
                                 }
DRAPHIX, LLC,                    }
                                 }
     Defendant.                  }
```

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of defendant, Draphix, LLC ("Draphix"), to reconsider and correct certain aspects of the court's opinion denying the cross-motions for summary judgment on the claim of plaintiff, Classroomdirect.com ("Classroom"), for fraudulent procurement pursuant to 15 U.S.C. § 1120. Specifically, Draphix contends that the court misstated the order of filing in this case and incorrectly interpreted the damages provision of § 1120. The court will deny the motion to reconsider the damages question because Draphix's arguments are merely a rehash of the ones the court has already rejected. However, Draphix's motion will be granted as it relates to clarifying the order of filing.

Draphix correctly points out that the amended complaint first asserting Classroom's fraudulent procurement claim was filed on January 18, 2007, one week after the state trial court entered its final judgment. However, this fact does not alter the court's

1

conclusion that the *Rooker-Feldman* doctrine does not apply so as to deprive it of subject-matter jurisdiction over Classroom's fraudulent procurement claim.

As the court explained in its July 8, 2008 opinion, the *Rooker-Feldman* doctrine only applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005). Under *Exxon Mobil*, the *Rooker-Feldman* doctrine only applies to cases brought "after the state proceedings [have] ended." *Id.* at 291. State court proceedings are final only when the state court appeals process has run its course with respect to the state judgment that allegedly injured the federal court plaintiff. *See Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006) (holding that *Rooker-Feldman* doctrine did not apply because federal suit was filed while petition for certiorari was pending before highest state court); *Federacion De Meastros De Puerto Rico v. Junta De Relaciones Del Trabajo De Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005) (holding that state court proceedings end, for purposes of *Rooker-Feldman*, when "the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved"); *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 604 n.1

(9th Cir. 2005) (stating that "[p]roceedings end for *Rooker-Feldman* purposes when the state courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum, even if other issues remain pending at the state level"); *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 89 (2d Cir. 2005) (finding that state suit terminated when highest state court issued its ruling); *Dornheim v. Sholes*, 430 F.3d 919, 923-24 (8th Cir. 2005) (holding that *Rooker-Feldman* doctrine did not apply because federal suit commenced before highest state court ruled on appeal of state court judgment).

Draphix's *Rooker-Feldman* argument was not well-developed on summary judgment because it was exclusively presented in the footnote of a reply brief.  As best the court can tell, Draphix argues that Classroom's fraudulent procurement claim is barred by *Rooker-Feldman* because it was an attack on the state court's injunction, which allows the continued use of the Teacher Direct mark with some restrictions.  Essentially, Draphix contends that adjudication of Classroom's fraudulent procurement claim would require this court to sit in review of the state court's injunction. As explained in the court's opinion denying the cross-motions for summary judgment, Classroom is not asking this court to review the state court judgment.  However, even if it were, the *Rooker-Feldman* doctrine would still be inapplicable because Classroom's amended complaint asserting its fraudulent procurement

claim was filed before the state court proceedings were final. The state trial court issued its final judgment on January 11, 2007. Classroom filed its amended complaint in this court on January 18, 2007. And, the Supreme Court of Alabama issued its opinion affirming the trial court's judgment, including the injunction, on April 25, 2008. This means that the state court proceedings did not end until April 25, 2008, over fifteen (15) months after Classroom filed its amended complaint. Therefore, even using January 18, 2007 as the date when the federal proceeding commenced, *Rooker-Feldman* remains inapplicable.

## Conclusion

For the above-mentioned reasons, Draphix's motions is **GRANTED IN PART AND DENIED IN PART**. The court's July 8, 2008 opinion is **AMENDED** to reflect that Classroom's amended complaint was filed on January 18, 2007.

DONE this 25th day of July, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE