FILED
2009 Dec-28 AM 11:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# TAB 1

## SETTLEMENT AND RELEASE AGREEMENT

This SETTLEMENT AND RELEASE AGREEMENT (the "Settlement Agreement") is made and entered into by and between CLASSROOMDIRECT.COM, LLC ("CLASSROOM DIRECT") and DRAPHIX, LLC ("DRAPHIX") (collectively, CLASSROOM DIRECT and DRAPHIX are referred to as the "Parties").

### STATEMENT OF PURPOSE

WHEREAS, CLASSROOM DIRECT and DRAPHIX have had disputes involving the TEACHER DIRECT and RE-PRINT marks and other matters, which disputes have resulted in the following civil actions: CLASSROOMDIRECT.COM, LLC v. RE-PRINT/DRAPHIX, LLC, United States District Court for the Northern District of Alabama, Southern Division, Civil Action No. CV-05-AR-0853-S, dismissed with prejudice following entry of final judgment (the "First Federal Action"); CLASSROOMDIRECT.COM, LLC v. RE-PRINT/DRAPHIX, LLC, Jefferson County Circuit Court, Civil Action No. 05-4675, final judgment entered on jury verdict, order granting in part and denying in part permanent injunction regarding use of TEACHER DIRECT mark (resulting in an injunction ("TEACHER DIRECT Injunction") and awarding enhanced monetary recovery to plaintiff affirmed on appeal to the Alabama Supreme Court (the "State Court Action"); and CLASSROOMDIRECT.COM, LLC v. DRAPHIX, LLC, United States District Court for the Northern District of Alabama, Southern Division, Civil Action No. CV 06-AR-1669-S, currently pending (the "Pending Civil Action") (the First Federal Action, the State Court Action, and the Pending Civil Action collectively referred to as the "Litigation");

WHEREAS, the Court in the Pending Civil Action by Orders dated June 22, 2007, based on the language of the Service Mark Agreement entered summary judgment as to liability against Draphix with respect to claims of breach of contract and trademark infringement involving the use of the RE-PRINT mark (CV 06-AR-1669-S, Doc. 63) and permanently prohibited and enjoined Draphix from using the RE-PRINT mark (CV 06-AR-1669-S, Doc. 64, hereinafter the "RE-PRINT Injunction");

WHEREAS, the Pending Civil Action includes a claim against Draphix for fraudulent registration of the TEACHER DIRECT mark and currently pending before Court is a motion by CLASSROOM DIRECT for leave to amend the complaint to assert a claim for trademark infringement against DRAPHIX, alleging that the TEACHER DIRECT mark infringes the CLASSROOM DIRECT mark;

WHEREAS, while DRAPHIX disputes CLASSROOM DIRECT's allegations in the Pending Civil Action,

WHEREAS, before trial in the Pending Civil Action DRAPHIX prosecuted an interlocutory appeal to the Eleventh Circuit relating to the measure of damages for CLASSROOM DIRECT'S claim under 15 USC § 1120, which appeal the Eleventh Circuit later dismissed;

WHEREAS, the Parties have reached a settlement of the Pending Civil Action and wish to reduce that settlement to writing.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, both for themselves, and their successors, heirs, and assigns, hereby agree as follows:

1. Cash Payment by Draphix. Within five (5) business days of the full execution of this Settlement Agreement, DRAPHIX shall pay to CLASSROOM DIRECT by check a single lump sum of $410,000 (Four Hundred Ten Thousand Dollars). Payment shall be made payable to ClassroomDirect.com, LLC and Bradley Arant Boult Cumming, LLP and shall be delivered to CLASSROOM DIRECT'S counsel, Paul M. Sykes, Bradley Arant Boult Cummings, LLP, located at 1819 5th Avenue North, Birmingham, Alabama 35203.

2. Mediator Fees. The Pending Civil Action was successfully mediated by Justice Gorman Houston. DRAPHIX hereby agrees that it shall pay all of Justice Houston's fees and expenses charged or incurred in connection with the mediation of the Pending Civil Action and that CLASSROOM DIRECT shall have no responsibility for such fees. DRAPHIX shall make payment to Justice Houston, or his firm, in such manner as he may direct. (The Parties agree that they shall otherwise bear their own costs and attorneys' fees relating to the Litigation and to the negotiation of this Settlement Agreement.)

3. Permanent Injunction against use of RE-PRINT. DRAPHIX agrees that the RE-PRINT Injunction shall be made final and shall remain in effect following dismissal of the Pending Civil Action. DRAPHIX agrees to enter into such appropriate and reasonable stipulation or consent decree necessary to effect the foregoing.

4. Release by CLASSROOM DIRECT. CLASSROOM DIRECT on behalf of itself and its officers, directors, managers, members, employees, agents, affiliates, parents, successors, predecessors, assigns, representatives, and shareholders does hereby release, acquit, and forever discharge DRAPHIX, and its officers, directors, managers, members, employees, affiliates, parents, successors, predecessors, assigns, attorneys, and shareholders from any and all claims, demands, debts, liabilities, contracts, obligations, warranties, torts, causes of action, or other claims for relief (including, without limitation, claims for attorney fees, damages, punitive damages or any award of any kind), whether at law or in equity, of whatever kind or nature, whether known or unknown, whether suspected or unsuspected, which CLASSROOM DIRECT now has, ever has had, or may have had up to and until the full execution of this Settlement Agreement, including without limitation all claims arising out of or in any way related to the matters alleged in the Pending Civil Action, or in the Litigation, including without limitation, trademark infringement, unfair competition, and false or fraudulent registration of a trademark. Provided, however, the Parties agree that foregoing release shall not apply and shall have no operation with respect to the continuing efficacy of the RE-PRINT Injunction and the TEACHER DIRECT Injunction. CLASSROOM DIRECT on behalf of itself and its officers,

2

directors, managers, members, employees, agents, affiliates, parents, successors, predecessors, assigns, representatives, and shareholders does hereby release, acquit, and forever discharge DRAPHIX's insurer The Travelers Indemnity Company, Travelers Property and Casualty Company of America, and their predecessors, successors, affiliates, subsidiaries, parents and related companies and officers, directors, managers, members, employees, affiliates, parents, successors, predecessors, assigns, attorneys, and shareholders from any and all claims, demands, debts, liabilities, contracts, obligations, warranties, torts, causes of action, or other claims for relief, whether at law or in equity, of whatever kind or nature, whether known or unknown, whether suspected or unsuspected, which CLASSROOM DIRECT now has, ever has had, or may have had up to and until the full execution of this Settlement Agreement arising out of or in any way related to the matters alleged in the Pending Civil Action, or in the Litigation, including without limitation, trademark infringement, unfair competition, and false or fraudulent registration of a trademark.

5. TEACHER DIRECT Injunction. Nothing in this Agreement is intended to terminate or modify the injunction entered by the Honorable William G. Noble on December 22, 2006 ("TEACHER DIRECT Injunction").

6. Release By DRAPHIX. DRAPHIX on behalf of itself and its officers, directors, managers, members, employees, agents, affiliates, parents, successors, predecessors, assigns, representatives, and shareholders does hereby release, acquit, and forever discharge CLASSROOM DIRECT and its officers, directors, managers, members, employees, affiliates, parents, successors, predecessors, assigns, attorneys, and shareholders from any and all claims, demands, debts, liabilities, contracts, obligations, warranties, torts, causes of action, or other claims for relief (including, without limitation, claims for attorney fees, damages, punitive damages or any award of any kind),, whether at law or in equity, of whatever kind or nature, whether known or unknown, whether suspected or unsuspected, which DRAPHIX now has, ever has had, or may have had up to and until the full execution of this Settlement Agreement, including without limitation all claims arising out of or in any way related to the matters alleged in the Pending Civil Action, or in the Litigation, including without limitation, trademark infringement, unfair competition, and false or fraudulent registration of a trademark.

7. Dismissal with Prejudice. Within five (5) business days of the full execution of this Settlement Agreement, the parties will file a stipulation to make the RE-PRINT Injunction final and will dismiss with prejudice the Pending Civil Action.

8. Representation by Counsel. Each party represents that they were represented by legal counsel in connection with the drafting and execution of this Settlement Agreement and that any ambiguity which may be contained herein shall be interpreted and construed as if all parties drafted this document, with no ambiguities being construed against or for any party.

9. Assignment of Claims. The parties to this Settlement Agreement represent and warrant that they have not assigned, transferred or conveyed in any manner any claims or rights released by this Settlement Agreement.

10. No Admission of Liability. The parties hereby acknowledge that this Settlement Agreement is a compromise of disputed claims and as such, does not constitute an admission of liability of any sort by any party.

11. No Representation. The Parties acknowledge to one another that no promise, inducement or agreement not contained herein has been expressed or made to any of them in connection with this Settlement Agreement. This Settlement Agreement is the complete and exclusive statement of the agreement between the Parties, superseding all proposals or prior agreements, oral or written, and all other communications between the Parties relating to the subject matter herein.

12. Benefit of Settlement Agreement. This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective direct and indirect subsidiaries, parents, operating companies, affiliates, successors, heirs, and assigns, and their respective members, shareholders, officers, managers, directors and employees, and no other person or entity shall acquire or have any right under or by virtue of this Settlement Agreement.

13. Necessary Action. Each party hereto hereby agrees that such party shall execute and deliver any documents and shall perform any further acts as may be reasonably necessary to carry out the provisions of this Settlement Agreement.

14. Governing Law. This Settlement Agreement shall be governed by the laws of the State of Alabama without reference to the conflicts of law thereof.

15. Authority to Execute. The representative executing this Settlement Agreement on behalf of the party represents and warrants that he/she has the authority to execute this Settlement Agreement.

16. Survival of Settlement. The terms, provisions, and conditions of this Settlement Agreement are binding upon the parties and their respective successors and assigns. Causes of action based upon the breach of this Settlement Agreement shall survive the execution of this Settlement Agreement.

17. Counterparts. This Settlement Agreement may be executed by the parties in any number of counterparts, each of which shall be an original document, but all of which taken together shall constitute one and the same document, notwithstanding that all parties may not have executed all counterparts or the same counterpart.

18. Entire Agreement. This Settlement Agreement contains the entire agreement of the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements, discussions and statements concerning that subject matter. No supplement, modification, waiver or termination of this Settlement Agreement shall be binding unless executed in writing by the parties hereto.

19. Additional Representations. Each Party hereto each hereby further warrants, represents, and acknowledges to the other that:

4

(a) it has read and fully understands the terms of this Settlement Agreement and agrees to be legally bound by it to the extent that the other Party performs;

(b) it has executed this Settlement Agreement with full knowledge of any and all rights which it may have;

(c) it has a present intent to perform the obligations of this Settlement Agreement, fully recognizing that the other Party is specifically relying upon that intent in entering into the Settlement Agreement;

(d) the consideration received by each Party for this Settlement Agreement is fair, reasonable, sufficient, just and adequate and constitutes lawful consideration supporting the execution of this Settlement Agreement; and

(e) it has entered into this Settlement Agreement based solely and exclusively upon its or its counsel's analysis of the facts and/or information of which it or its counsel is independently aware and not based upon or in reliance upon any statements and/or representations of the other Party (except to the extent such statements and/or representations are fully and expressly set forth herein).

CLASSROOMDIRECT.COM, LLC

By: SCHOOL SPECIALTY, INC.,
    a Wisconsin Corporation

Its: SOLE MEMBER

By:_____

Its:_____

Date:_____

DRAPHIX, LLC

By: /s/ Jackson B Cormack

Its: CEO

Date: 12/22/09

5

(a) it has read and fully understands the terms of this Settlement Agreement and agrees to be legally bound by it to the extent that the other Party performs;

(b) it has executed this Settlement Agreement with full knowledge of any and all rights which it may have;

(c) it has a present intent to perform the obligations of this Settlement Agreement, fully recognizing that the other Party is specifically relying upon that intent in entering into the Settlement Agreement;

(d) the consideration received by each Party for this Settlement Agreement is fair, reasonable, sufficient, just and adequate and constitutes lawful consideration supporting the execution of this Settlement Agreement; and

(e) it has entered into this Settlement Agreement based solely and exclusively upon its or its counsel's analysis of the facts and/or information of which it or its counsel is independently aware and not based upon or in reliance upon any statements and/or representations of the other Party (except to the extent such statements and/or representations are fully and expressly set forth herein).

CLASSROOMDIRECT.COM, LLC                    DRAPHIX, LLC

By: SCHOOL SPECIALTY, INC.,                 By:_____
    a Wisconsin Corporation

Its: SOLE MEMBER                            Its:_____

By: [signature]                             Date:_____

Its: CFO

Date: 12·22·09

5